IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY § | |
| § | |
| V. § | CIVIL ACTION NO. 4:05-CV-285-Y |
| § | |
| HARDSCAPE CONSTRUCTION § | |
| SPECIALTIES, INC., HILLWOOD § | |
| RESIDENTIAL SERVICES, L.P., § | |
| ELITE GROUP INTERNATIONAL, INC., § | |
| ELITE CONCEPTS BY MICHAEL § | |
| NANTZ, f/k/a ELITE CONCEPTS, § | |
| MICHAEL NANTZ d/b/a § | |
| ELITE CONCEPTS § | |

**ORDER GRANTING TWO MOTIONS FOR
SUMMARY JUDGMENT, DENYING MOTION FOR
SUMMARY JUDGMENT, AND DENYING MOTION FOR JUDGMENT**

Pending before the Court are four motions: (1) defendant Hardscape Construction Specialties, Inc.'s motion for summary judgment [doc. # 33], filed December 2, 2005; (2) defendant Hillwood Residential Services, L.P.'s motion for judgment [doc. # 56], filed January 13, 2006; (3) plaintiff Century Surety Company's motion for summary judgment or, alternatively, partial summary judgment against the Elite defendants [doc. # 71], filed March 3, 2006; and (4) Century Surety's motion for summary judgment against Hardscape [doc. # 106], filed May 9, 2006. The Court GRANTS Century Surety's motions for summary judgment [docs. # 71, 106], DENIES Hardscape's motion for summary judgment [doc. # 33], and DENIES Hillwood's motion for judgment [doc. # 56].

I. BACKGROUND

This case arises out of a contract to build two swimming pools. On June 15, 2001, Hardscape signed a contract with Hillwood to build two swimming pools, a building, a parking

lot, sidewalks, fencing, and other appurtenances necessary for a swimming facility at Hillwood's residential development.  The contract provided that Hardscape would indemnify and hold Hillwood harmless from and against any damages, liability, or lawsuit arising directly or indirectly out of Hardscape's services:

> Contractor [Hardscape] shall indemnify and hold Hillwood . . ., its employees, shareholders, agents, officers and directors harmless from and against any damages, liability or cause of action arising directly or indirectly out of or in connection with the performance of Contractor's services.  (Hardscape App. at 43.)

On the same day, Hardscape executed a subcontract with Elite for the construction of the two pools and the pools' decking.  This contract also contained an indemnity provision, stating that Elite agreed to be bound to Hardscape under the same terms Hardscape was bound to Hillwood:

> The Subcontractor [Elite] agrees to be bound to the Contractor [Hardscape] under this Agreement according to the same terms and conditions as the Contractor is bound to the Owner [Hillwood] under the Contract Documents.  The Subcontractor shall assume and perform all of the obligations and responsibilities of the Contractor under the Contract Documents which pertain or relate to the scope of work in this Subcontract as described in the Subcontract Work paragraph above.  (Hardscape App. at 53.)

After the facility was finished, cracks began to appear in the walls and floor of one of the pools, which got bigger over time, and both pools began to show signs of structural problems. The decking surrounding the pools became uneven.  As a result, the pools and surrounding decking had to be demolished.  Hillwood filed suit in state court ("the Hillwood suit") against Hardscape, Elite, Wang Engineering, Inc.,[1] and Tornado Excavation, Inc.[2]  Hillwood raised

---

[1] Wang, a subcontractor to Elite, designed the pools.

[2] Tornado, also a subcontractor to Elite, drilled the pier holes, constructed the piers, and constructed the grade beams for one of the pools.

2

claims for negligence, gross negligence, breach of contract, and breach of implied and express warranties. Based on the indemnity provision, Hardscape demanded that Elite defend it in the Hillwood suit. Hardscape also made demand on Elite's insurance carrier, Century Surety, to defend Hardscape in the Hillwood suit. Century filed the instant declaratory-judgment action against Hardscape, Hillwood, and Elite,[3] seeking a declaration that Century Surety has no duty to defend Hardscape and Elite and has no duty to indemnify Hardscape and Elite for any judgment or settlement in the Hillwood suit. Hardscape, Hillwood, and Century Surety now seek judgment as a matter of law.

## II. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990), *cert. denied*, 114 S. Ct. 171 (1993). Next, the Court must review the evidence on those issues, viewing the facts and inferences therefrom in the light most favorable to the nonmovant. *Id.*; *Newell v. Oxford Management Inc.*, 912 F.2d 793, 795 (5th Cir. 1990); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989).

---

[3]Although Century Surety lists Wang as a party in that section if its declaratory-judgment complaint, Century Surety did not include Wang in the style of the case, and there is no evidence Wang was ever served with process.

In making its determination on the motion, the Court must look at the full record. FED. R. CIV. P. 56(c); *see Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). Rule 56, however, "does not impose on the district court a duty to sift through the record in search of evidence to support a party's [motion for or] opposition to summary judgment . . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). Still, the Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party moving for summary judgment has the initial burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party need not produce evidence showing the absence of a genuine issue of material fact with respect to an issue on which the nonmovant bears the burden of proof. Rather, the moving party need only point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmovant's claim. *See id.* at 323-25.

When the moving party has carried its summary judgment burden, the nonmovant must go beyond the pleadings and by its own affidavits or by the depositions, answers to interrogatories, or admissions on file set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the evidence is

merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

Summary judgment is an appropriate mechanism for resolving issues of law arising from a materially complete factual record. *See Trevino v. Yamaha Motor Corp.*, 882 F.2d 182, 184 (5th Cir. 1982). Furthermore, disputes over the legal inferences to be gleaned from the facts in evidence will not prevent summary judgment; thus, where a nonmovant merely debates the consequences flowing from admitted facts, summary judgment is proper. *See Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 998 (5th Cir. 1989). It is also clear that "[w]hen everything that can be adduced at trial is before the judge . . . and the parties, while urging conflicting ultimate facts or conclusions, have no evidentiary disputes, a trial serves no useful purpose." *Brown v. U.S.*, 890 F.2d 1329, 1334 (5th Cir. 1989) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986)). Summary judgment is always appropriate when there is no need to put the parties or the Court to the time and expense of a trial.

### III. DISCUSSION[4]

A. THE FOUR-CORNERS RULE AND OCCURRENCES UNDER THE POLICY

In a diversity case such as this one, this Court must apply the substantive law of Texas. *See United Fire & Cas. Co. v. Hixson Bros. Inc.*, No. 05-30696, 2006 WL 1669877, at *2 (5th Cir. June 19, 2006); *Harken Exploration Co. v. Sphere Drake Ins. P.L.C.*, 261 F.3d 466, 470 n.3

---

[4]Although several factors militate against this Court's exercising jurisdiction, the age of the case and the fact that the discovery and motions deadlines have passed persuades this Court that accepting jurisdiction is the more just and expeditious course. *See generally United States Liability Ins. Co. v. Wise*, 887 F. Supp. 348, 349-352 (D. Mass. 1995) (declining jurisdiction sua sponte in declaratory-judgment action in favor of pending, parallel litigation in state court).

(5th Cir. 2001). In deciding whether an insurer owes a duty to defend, Texas courts apply the "eight-corners" rule. *Potomac Ins. Co. v. Jayhawk Med. Acceptance Corp.*, 198 F.3d 548, 551 (5th Cir. 2000); *Guideone Elite Ins. Co. v. Fielder Road Baptist Church*, No. 04-692, 2006 WL 1791689, at *2 (Tex. June 30, 2006). Under this rule, courts must determine whether an insurer owes a duty to defend "solely from the allegations in the most recent [underlying] petition and the language of the insurance policy." *Harken*, 261 F.3d at 471; *see also Guideone*, 2006 WL 1791689 at *3 (rejecting use of extrinsic, overlapping evidence as an exception to eight-corners rule). The insured bears the burden of showing that the claim against it is potentially within the insurance policy's scope of coverage. *Harken*, 261 F.3d at 471. If the insurer relies on the policy's exclusions to deny coverage, the burden shifts to the insurer. *Id.*

Under the eight-corners rule, this Court must look to the most recent petition in the Hillwood suit to determine whether the alleged misconduct on the part of Elite triggered coverage by Century Surety. "The general rule is that the insurer is obligated to defend [its insured] if there is, potentially, a case under the [underlying petition] within the coverage of the policy." *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). The focus is on the facts alleged and not on the actual legal theories. *St. Paul Fire & Marine Ins. Co. v. Green Tree Fin.*, 249 F.3d 389, 391 (5th Cir. 2001). Any doubts regarding whether the factual allegations of a complaint state a cause of action within the coverage of the policy are resolved in favor of the insured. *Harken*, 271 F.3d at 471.

The policy of insurance here defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Hardscape App. in Supp. of Summ. J. at 79.) "Accident" is not defined. Giving "accident" its plain, ordinary, and generally accepted meaning, "accident" means the "negligent acts of the insured causing damage

6

which is undesigned and unexpected." *Trinity Univ. Ins. Co. v. Cowan*, 945 S.W.2d 819, 828 (Tex. 1997); *see also Harken*, 261 F.3d at 472 (stating word given plain and ordinary meaning in the absence of contractual definition). Thus, an insured's negligent acts that cause undesigned and unexpected damage would qualify as an accident included in the definition of an occurrence covered under the policy.

Century Surety argues that its policy does not provide coverage in this instance because the construction errors, which are the cause of Hillwood's complaints, do not constitute an "occurrence" as defined in the policy. Hardscape asserts that the damages are an "occurrence" and mandate coverage under the policy. Whether a commercial, general-liability policy covers complaints made against an insured alleging deficient and substandard construction has been the focus of a number of recent decisions in Texas federal and state courts. Some courts have concluded that allegations of faulty construction are not "accidents" nor "occurrences," a conclusion that precludes coverage.[5] But other Texas courts have concluded that allegations of defective workmanship did constitute an "occurrence."[6] Recognizing this split of authority, the Fifth Circuit has certified to the Texas Supreme Court the question regarding whether an underlying lawsuit against an insured for construction defects was sufficient to allege an "accident" or "occurrence" or "property damage," so as to trigger the insurer's duty to defend or indemnify under a commercial, general-liability policy. *Lamar Homes*, 428 F.3d at 200.

---

[5] *See, e.g., Courtland Custom Homes, Inc. v. Mid-Continent Cas. Co.*, 395 F. Supp. 2d 478, 486 (S.D. Tex. 2005); *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 335 F. Supp. 2d 754, 760 (W.D. Tex. 2004), *questions certified by Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 428 F.3d 193, 200-01 (5th Cir. 2005); *Jim Johnson Homes, Inc. v. Mid-Continent Cas. Co.*, 244 F. Supp. 2d 706, 715 (N.D. Tex. 2003); *Malone v. Scottsdale Ins. Co.*, 147 F. Supp. 2d 623, 628 (S.D. Tex. 2001); *Grimes Constr., Inc. v. Great Am. Lloyds Ins. Co.*, 188 S.W.3d 805, 810-13 (Tex. App.—Fort Worth 2006, pet. filed); *Hartrick v. Great Am. Lloyds Ins. Co.*, 62 S.W.3d 270, 277-78 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Devoe v. Great Am. Ins.*, 50 S.W.3d 567, 572 (Tex. App.—Austin 2001, no pet.).

[6] *See, e.g., Great Am. Ins. Co. v. Calli Homes, Inc.*, 236 F. Supp. 2d 693, 698-702 (S.D. Tex. 2002); *Gehan Homes, Ltd. v. Employers Mut. Cas. Co.*, 146 S.W.3d 833, 844 (Tex. App.—Dallas 2004, pet. filed).

Here, Hillwood's negligence claims contain allegations that appear, from the face of the petition, to arise from the contractual and warranty obligations owed by Hardscape and Elite to Hillwood. The claims rely on Hardscape's and Elite's duties to provide design, construction, and engineering services, which were purely contractual duties. Although Hillwood's claims contain more than conclusory allegations of negligence, the supporting facts show that the alleged negligence arises out of the contractual and breach-of-warranty claims. In other words, Hillwood's negligence claims merely recharacterize the gist of its petition—breach of warranty and contract. Hillwood's claims boil down to an argument that its injury was that the pools it was promised and paid for were not the pools it received, which is not an "occurrence" under the policy. *See Lamar Homes*, 335 F. Supp. 2d at 760; *Jim Johnson Homes*, 244 F. Supp. 2d at 716-17. Thus, applying the eight-corners rule, this Court concludes that Century Surety does not owe a duty to defend Hardscape or Elite in the Hillwood suit.[7]  Of course, when there is no duty to defend, there is also no duty to indemnify. *See Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998).

B. PROPRIETY OF HILLWOOD AS A PARTY TO DECLARATORY-JUDGMENT SUIT

Hillwood has filed a motion for judgment asserting that it should not be a party to Century Surety's declaratory-judgment action. Century Surety argues that because Hillwood's right to recovery is derivative of Hardscape's and Elite's rights of recovery, any determination that Century has no duty to indemnify would be binding upon Hillwood; thus, Hillwood is a proper party.

---

[7] Because this Court has determined that the alleged injury is not a defined policy occurrence, there is no need to address Century Surety's argument that Hardscape's contract with Elite is not an "insured contract" under the policy.

8

Under Texas law, the duty to indemnify is justiciable before the insured's liability is determined in the underlying liability lawsuit. *See Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). Century Surety brought its declaratory-judgment action under the federal Declaratory Judgment Act, which provides that its purpose is to settle "actual" controversies before they ripen into violations of law or breach of some contractual duty. *See Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1154 (5th Cir. 1993); *see also* 28 U.S.C.A. § 2201(a) (West ____). The Act allows for relief through a recognition of the plaintiff's right even though no immediate enforcement of it was requested. *See Textron Lycoming Reciprocating Engine Div. v. United Auto., Aerospace & Agric. Implement Workers of Am. Int'l Union*, 523 U.S. 653, 660 n.3 (1998). In Texas, a party injured by an insured is viewed as a third-party beneficiary of a liability insurance policy. *See State Farm County Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989). A declaratory-judgment action brought by an insurer is binding upon a third-party beneficiary to a liability insurance policy if properly joined as a party to the declaratory-judgment action. *See State Farm Fire & Ca. Co. v. Fullerton*, 118 F.3d 374, 385 n.6 (5th Cir. 1997). Here, because Hillwood derives its right, if any, to collect insurance proceeds directly from the rights of Hardscape and Elite, Hillwood is deemed to be in privity by virtue of its shared legal interest. *See Fullerton*, 188 F.3d at 385. Thus, this Court's determination that Century Surety does not have a duty to indemnify Hardscape or Elite is binding upon Hillwood, as well, due to the derivative nature of its right to recovery. *See id.* at 385-86. Accordingly, Hillwood was properly named as a party to this action, and its motion for judgment fails. *See generally Nat'l Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d 604, 619-21 (E.D. Tex. 2005) (holding insurer correctly named party injured by insured as a defendant in insurer's declaratory-judgment action because injured party is a third-party beneficiary of policy).

## IV. CONCLUSION

Because the claims asserted by Hillwood in the Hillwood suit do not allege an "occurrence" covered by Century Surety's commercial, general-liability policy, Century does not owe a duty to defend Hardscape or Elite in the Hillwood suit. Because there is no duty to defend, there is no duty to indemnify. Further, Hillwood is a proper party to Century Surety's declaratory-judgment action because Hillwood's right to recover is derivative of Hardscape's and Elite's rights.

SIGNED July 13, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE